E. E. FOY v. THE STATE.

No. 13884.    Delivered May 13, 1931.

The opinion states the case.

*Watson & Watson,* of Crosbyton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The record shows that the indictment herein was returned January 16, 1930, and that this case was continued for the term on February 3, 1930, upon application of appellant. When the case was called for trial at the April term following appellant made an application for continuance because of the absence of Nixon, Massie, Wood and Williams. The only diligence averred in the application was based on process issued at the preceding term of court. No subpoena or attachment for any of the

absent witnesses at the April term appears from the record to have been issued; nor is it shown that any of said witnesses were present at the January term, or then recognized to appear. The application appears wholly unsupported by any showing of diligence. It is unnecessary to state, but an analysis of the testimony of the witnesses referred to in the application further supports the correctness of the trial court's action in overruling the application.

Bill of exception No. 2 complains of the failure of the main charge, and bill of exception No. 3 complains of the refusal of a special charge, bearing upon the proposition that in procuring the whisky which he furnished to the officers and for which they paid him,—appellant was acting for said officers in an effort to aid them in enforcing the law. The court in his main charge told the jury that if they believed appellant was acting for and in behalf of the purchaser, and not in behalf of himself, nor in behalf of the seller of such liquor, or if they had a reasonable doubt thereof, they should acquit him. We see no error in the court's charge, or in his refusal of the special charge.

The remaining bill of exception complaining of the refusal of a new trial, manifests no error. An effort was made in this connection to show the materiality of the testimony of the absent witnesses mentioned in the application for continuance. We think the new trial properly refused.

No error appearing, the judgment will be affirmed.

*Affirmed.*